IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CAROLYN MENDIOLA<br>*Plaintiff,*<br><br>vs.<br><br>MERCEDES INDEPENDENT<br>SCHOOL DISTRICT<br>*Defendant.* | §<br>§<br>§   CIVIL ACTION NO. _____<br>§   JURY<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

   **NOW COMES** Carolyn Mendiola, filing this her *Plaintiff's Original Complaint*, and for cause of action against Mercedes Independent School District, respectfully showing unto the Court as follows:

## I.
## JURISDICTION AND VENUE

1.   This lawsuit against Defendant is filed on the basis of violation of Title VII of the Civil rights Act of 1964 as amended ("Title VII"), and the Equal Pay Act of 1963 (Pub. L. 88-38) as amended ("EPA").

2.   This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights).  Venue is proper in the Southern District of Texas, McAllen Division, as this is the district where the claim arose in accordance to 29 U.S.C.§1391(b).

3.   On or about August 8, 2022, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC").

4.   On June 16, 2023, the EEOC issued a *Dismissal and Notice of Rights* in regards to Plaintiff's Charge.  Said notice - which was sent via email by the EEOC on June 16, 2023 - was received on June 16, 2023.

5.      Plaintiff, by and through the above, has complied with all conditions precedent and exhausted all administrative remedies prior to filing suit.

## II.
## THE PARTIES

6.      Carolyn Mendiola (hereinafter "Plaintiff" or "Mendiola") is an individual and a permanent resident of South Padre Island, Cameron County, Texas.

7.      Defendant Mercedes Independent School District (hereinafter "MISD" and/or "Defendant") is a local governmental entity and can be served upon School Board President for Defendant, Mr. Oscar Hernandez, at 206 W. Sixth Street, Mercedes, Texas 78570.

## III.
## STATEMENT OF FACTS

8.      Whenever, in this complaint, it is alleged that any Defendant did any act, thing or omission, it is meant that any Defendant, Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

9.      Plaintiff is a 53-year-old female who was hired by Defendant as its Superintendent on July 1, 2019. Plaintiff had approximately 24 years of experience in the education field serving as a classroom teacher and administrator with outstanding performance in the La Joya and Sharyland Public School Districts prior to accepting the position as Superintendent with Defendant. Plaintiff earned both her bachelor and master degrees at Pan American University with her master's obtained in Educational Leadership. Plaintiff served as the Superintendent for Defendant for approximately 3 years when she was constructively discharged on May 18, 2022, by Defendant when her work conditions had become intolerable.

10.     Plaintiff, learned for the first time, from a report received from a Texas Association of School Board's (TASB) report on October 14, 2021, that Plaintiff's compensation was $25,000.00 dollars less than other school districts within Region One. Region One encompasses the Rio Grande Valley Region of the State of Texas.

11.     Defendant's school board treated Plaintiff differently based upon her gender (female) than two male superintendents. Former Superintendent Daniel Trevino received approximately $50,000.00 dollars more in wages that included travel expenses and a car allowance. Plaintiff learned that Trevino's wages were substantially higher and was receiving travel expenses to include car allowances. Also, Plaintiff learned that Richard Rivera, Plaintiff's replacement as superintendent received a $1,000.00 dollar car allowance per month that Plaintiff did not receive. After Plaintiff was put on notice on October 14, 2021, that her wages were less than what superintendents were earning in Region One, Plaintiff began to question her low pay for doing the same work as a male superintendent within Defendant's district. On March 1, 2022, George McShan, a highly respected consultant and former board member with the Harlingen Consolidated Independent School district for numerous years conducted a presentation for Defendant's school board and Plaintiff. Plaintiff then became aware that Trevino's wages were substantially higher with travel/car allowances that Plaintiff did not receive. McShan made it clear to the board at his presentation that Plaintiff was being under paid as a superintendent by Defendant.

12.     While Plaintiff was employed with Defendant, Plaintiff had been evaluated by the school board in 2020 that met and exceeded its expectations. Plaintiff submitted the TASB report from October 14, 2021, to her school board showing the pay discrepancy between male superintendents within Region One and herself. Plaintiff learned in the report that a comparable school district within Region One was paying its male superintendent $200,000.00 dollars while Plaintiff was

making $160,000.00 dollars. Prior Superintendent Trevino that was replaced by Plaintiff, were both discharging their job duties as superintendent that required the same skill, effort and responsibility. Defendant compensated Trevino approximately with a salary of nearly $200,000.00 dollars with travel and car allowances while Plaintiff (female) was being paid $160,000.00 dollars in wages without travel or car allowances. Richard Rivera replaced Plaintiff after her constructive discharge that resulted in her separation of employment. Rivera was quoted in the *McAllen Monitor*, that he had taken a $40,000.00 dollar pay cut in salary from his previous position with another school district as a "Courtesy to Defendant's Board." Rivera went on to state, "He may have negotiated a different salary for the permanent position." Rivera admitted that the salary that Plaintiff was making as superintendent, "Was very low for a 5-A, School." Furthermore, Rivera in the news article stated he received a car allowance as part of his contract. Plaintiff who is female did not receive a car allowance while Rivera did who is male. Defendant attempted to equalize the low wage of Plaintiff by requesting Rivera as a "Courtesy" to accept Plaintiff's yearly wage of $160,000.00 dollars per year, knowing that an employer cannot lower the wages of an employee such as Rivera, to make the wages equal to cure a Equal Pay Act violation. Additionally, both former Superintendent Trevino and Rivera who replaced Plaintiff were receiving a car allowance while Plaintiff did not that is also included as wages. Unequivocally, both male superintendents were treated differently than Plaintiff who is female that had substantially equal job descriptions that required the same skill, effort and responsibility.

13.   Defendant through its actions led to Plaintiff's constructive discharge through a resignation letter submitted on May 18, 2022, by Plaintiff. Pedro Martinez, III, a Board Trustee with Defendant would humiliate with verbal insults and accusations against Plaintiff that were unfounded and intended to humiliate and harass Plaintiff. Martinez would inquire to Plaintiff and state with

witnesses present the following: Trustee Martinez would possess personal information as to the whereabouts of Plaintiff while off duty on private property that was harassing and humiliating. Martinez accused Plaintiff of drinking alcoholic beverages at a colleague's residence while off duty, and even accused Plaintiff of wrongdoing by attending a birthday function for another colleague at a local restaurant establishment. Martinez used a loud tone and yelled at Plaintiff even on school district property making accusations of Plaintiff drinking in front of employees of the school district and trustees. Plaintiff was embarrassed and humiliated by Martinez by his unprofessional conduct that was witnessed by Assistant Superintendent Nancy Castillo and Assistant Superintendent Janie Ybarra Rodriguez. Martinez's humiliating behavior concerning Plaintiff's alleged drinking was discussed in front of board members at its regular board meetings. Plaintiff denied Martinez's accusations and stated to him to stop his harassment. Martinez threatened to remove Plaintiff as superintendent for not appearing at a football game while Plaintiff was attending to an emergency situation at one of the local campuses. Martinez's obsession with Plaintiff would also include Martinez calling Plaintiff a liar on several occasions in front of the board members. Furthermore, Martinez belittled Plaintiff for calling the local police authority regarding an individual wandering on school campus that was unidentified. The individual unbeknownst to Plaintiff was Martinez who then accused Plaintiff on calling the police intentionally on him that was untrue. Plaintiff would state to Martinez to stop his harassment, however, it continued until Plaintiff resigned through her constructive discharge on May 18, 2022. Martinez's behavior was directed at Plaintiff (female), however, Martinez treated Plaintiff's replacement, Richard Rivera differently since he is male.

14.     Defendant's school board met on May 17, 2022, at a board meeting that was lawfully called. One of the agenda items discussed was the administrative building that had serious issues and had been utilized for student instruction. Plaintiff was aware by the architectural and

engineering firm Raba Kistner that the roofing on the administrative building was substandard and needing an entire new roof in order to meet safety standards to house students. Also, the administration building located on 950 W. Sixth Street, had plumbing issues, communication system deficiencies required for emergency communication, and problems with the cafeteria under the Texas Department of Agriculture standards according to Child Nutrition Director Melissa Garza. The board majority that consisted of trustees Oscar Hernandez, Pedro Martinez, III, Eddie Howell and Lucy Delgado, ordered Plaintiff to approve the housing of students into the building that was unsafe for the children to occupy. The board majority would badger Plaintiff for approximately 4 months on moving students into an unsafe building until the date of Plaintiff's constructive discharge on May 18, 2022. Incredibly, a representative of the board majority publicly humiliated Plaintiff in public at the meeting for not agreeing or recommending to the majority of the board to move students into the administrative building without having the repairs completed as needed. In fact, Plaintiff had asked the board majority to extend more time for the necessary repairs, however the board voted against Plaintiff's recommendations. The following day Plaintiff submitted her resignation on May 18, 2022, as a constructive discharge.

## IV.
## VIOLATIONS OF THE EQUAL PAY ACT

15. Plaintiff hereby incorporates by reference paragraphs 1-14 as if fully restated herein.

16. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Equal Pay Act.

17. Plaintiff was entitled to compensation equal to her male counterparts for work performed within the meaning of the Equal Pay Act.

18. Plaintiff, in performing the exact same work as her former and subsequent male

counterparts, was paid far less and received less benefits such as a car allowance for no other reason than based on her sex and Defendant failed, after receiving notice of such glaring violation, to correct same.

19.     The actions of Defendant and their agents, representatives, and/or employees were intentional and in disregard for the rights and sensibilities of Plaintiff.

20.     As a direct and proximate result of said acts and omissions under the Equal Pay Act, by Defendant's agents, representatives, and employees, Plaintiff has suffered lost wages, loss of earning capacity and future income, loss of retirement resources, extreme emotional distress, pain and suffering and mental anguish, as well as humiliation.

## V.
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21.     Plaintiff hereby incorporates by reference paragraphs 1-14 as if fully restated herein.

22.     By and through this complaint, Plaintiff pleads that in paying Plaintiff less for the very same duties and position as her prior and subsequent male counterparts, such actions were additionally in violation of Title VII of the Civil Rights Act of 1964.

## VI.
### Demand for Jury Trial

23.     Plaintiff hereby demands trial by jury.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendant; and, that Plaintiff recover against Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all prejudgment and post judgment interest that can be assessed against the Defendant in the event of recovery; and that Plaintiff recover against

Defendant any and all other general or specific relief to which she proves herself justly entitled.

Specifically, Plaintiff prays that, upon final trial on the merits, she recover judgment against Defendant, said judgment entitling Plaintiff to:

1. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be fixed upon inquest;

2. Compensation for compensatory damages, in an amount to be fixed upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. All taxable costs of court expended in this lawsuit;

5. Reasonable and necessary attorney's fees;

6. A mandatory injunction forbidding Defendant from violating rights secured by federal law, including those secured under the EPA and/or Title VII;

7. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,

**HODGE & SHERGOLD, L.L.P.**
1805 Ruben Torres Blvd., Suite B30
Brownsville, Texas 78521
Telephone: (956) 548-9100
Telecopier: (956) 548-9102
Email: hodgeshergold@aol.com

By: */s/ John L. Shergold*
    John L. Shergold
    Federal No. 20768
    State Bar No. 00794624
*Attorney-in-Charge for Plaintiff*